IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br><br> Plaintiff, <br><br> v. <br><br> AK001 STORE and THE INDIVIDUALS AND ENTITIES OPERATING AK001 STORE, <br><br> Defendants. | Case No. 21-cv-00938 <br><br> Hon. Steven C. Seeger |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Bludgeon Riffola Ltd.'s ("Plaintiff" or "Bludgeon Riffola") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the fully interactive, e-commerce store[1] operating under the seller alias identified in Schedule A to the Amended Complaint and attached hereto (the "Seller Alias"), which allegedly offers to sell, and does sell, counterfeit and infringing Def Leppard Products on the third-party platform Aliexpress.com. Plaintiff also alleges that Defendants are not authorized to use the DEF LEPPARD Trademarks and that Plaintiff has suffered injury through this unauthorized use. After reviewing the motion and the accompanying record, the Court hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction against the Seller Alias listed in the attached Schedule A as stated in this Order.

THIS COURT HEREBY FINDS, without adversarial presentation, that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities

---

[1] The e-commerce store url is listed on Schedule A hereto under the Online Marketplaces.

toward consumers in the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Plaintiff has provided some basis to conclude that Defendants may have targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "DEF LEPPARD Trademarks") to Illinois residents. A list of the DEF LEPPARD Trademarks is included in the below chart.

| **REGISTRATION NUMBER** | **REGISTERED TRADEMARK** | **INTERNATIONAL CLASSES** |
|---|---|---|
| 2,380,436 | DEF LEPPARD | For: musical sound recordings; and pre-recorded phonograph records, compact discs, audio cassettes, and videotapes, all featuring music in class 009. |
| 2,340,115 | DEF LEPPARD | For: entertainment services in the nature of live musical performances in class 041. |
| 3,167,116 | DEF LEPPARD | For: posters, tour books, song books, sheet music, unmounted photographs, printed music books in class 016. |
| 3,147,174 | DEF LEPPARD | For: clothing, namely, t-shirts, sweatshirts, long sleeve t-shirts, baby doll shirts and tank tops in class 025. |
| 3,069,812 | DEF LEPPARD (stylized logo) | For: clothing, namely, t-shirts, sweatshirts, long sleeve t-shirts, baby doll shirts, and tank tops in class 025. |

| | | |
|---|---|---|
| 3,069,813 | DEF LEPPARD | For: entertainment services in the nature of live musical performances; and entertainment services, namely providing prerecorded music, information in the field of music, licensed merchandise, and commentary and articles about music, all online via the internet in class 041. |
| 3,000,420 | DEF LEPPARD | For: posters, tour books, song books, sheet music, unmounted photographs, printed music books in class 016. |
| 3,000,421 | DEF LEPPARD | For: musical sound recordings; pre-recorded phonograph records, compact discs, audio cassettes, videotapes, and DVDs, all featuring music in class 009. |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the DEF LEPPARD Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the DEF LEPPARD Trademarks, and (3) Defendants' use of the DEF LEPPARD Trademarks is causing a likelihood

of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the DEF LEPPARD Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. The Court orders as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them are preliminarily enjoined and restrained from:

    a. using the DEF LEPPARD Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine DEF LEPPARD product or not authorized by Plaintiff to be sold in connection with the DEF LEPPARD Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine DEF LEPPARD product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the DEF LEPPARD Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the DEF LEPPARD Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the DEF LEPPARD Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants shall provide to Plaintiff copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, including all known contact information and any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their Online Marketplace.

3. The Court authorizes Plaintiff to serve third-party discovery on an expedited basis, with responses due not less than 10 days after service. The requests shall be proportional to the immediate needs of the case. See Fed. R. Civ. P. 26(b)(1). For example, a request for "documents sufficient to show X" is better than a request for "all documents showing X." Plaintiff shall consider what documents it genuinely needs at this early stage, and shall take into account the burden on third parties. Plaintiff shall work cooperatively with third parties impacted by this Order and make reasonable, good faith efforts to ease the burdens imposed by Plaintiff's request for expedited discovery.

4. PayPal and Alipay shall, within ten (10) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants, the Seller Alias and Online Marketplace, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Eric Gelwicks, and any e-mail addresses provided for Defendants by third parties; and

   b. prevent any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Plaintiff may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Amended Complaint, the Summons, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Eric Gelwicks and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "AK001 Store and the Individuals and Entities Operating AK001 Store" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Any Defendants subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern

District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

7. The $10,000 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Date: May 3, 2021

Steven C. Seeger
United States District Judge

**Bludgeon Riffola Ltd. v. AK001 Store and the Individuals and Entities Operating AK001 Store - Case No. 21-cv-00938**

# Schedule A

| No. | Seller Alias |
|---|---|
| 1 | AK001 Store |

| No. | Seller Alias |
|---|---|
|  |  |

| No. | Online Marketplace |
|---|---|
| 1 | aliexpress.com/store/5784824 |

| No. | Online Marketplace |
|---|---|
|  |  |